IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LUAN GAIL COLLIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV–21–187–JAR |
| | ) |
| KILO KIJAKAZI, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Luan Gail Collier (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is **AFFIRMED**.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if [her] physical or mental impairment or impairments are of such severity that [she] is not only

unable to do his previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

### Claimant's Background

The claimant was thirty-two years old at the time of the administrative hearing. (Tr. 41). She possesses a high school education and one year of a college education. (Tr. 41, 191). She has worked as a fast-food worker and cashier checker. (Tr. 41). The claimant alleges that she has been unable to work since July 1, 2012, due to limitations resulting from scoliosis, depression, and anxiety. (Tr. 161, 190).

### Procedural History

On April 15, 2019, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an administrative hearing, Administrative Law Judge Kim D. Parrish ("ALJ") issued an unfavorable decision on October 19, 2020. Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained

3

the residual functional capacity ("RFC") to perform light work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) determining Claimant's severe impairments at step two; (2) determining Claimant's RFC; (2) violating agency policy at step five by finding Claimant could perform the representative jobs; and (3) violating agency policy at step five by determining representative jobs existed in significant numbers in the regional and national economies.

## Consideration of Impairments

In his decision, the ALJ determined Claimant suffered from the severe impairments of spinal disorder, disorder of left shoulder, chronic pain syndrome, and depression and anxiety. (Tr. 34). The ALJ determined that Claimant had the RFC to perform light work with the limitations of no overhead reaching with her left arm, only occasional interaction with the general public, and simple instructions. (Tr. 36). With this RFC and after consulting with a vocational expert, the ALJ concluded that Claimant was unable to perform her past relevant work of fast-food worker or cashier checker. (Tr. 41). The ALJ found, however, that Claimant could perform the representative jobs of factory worker, night cleaner, and hand packager, which the vocational expert testified existed in significant numbers in the national economy. (Tr. 41–42). As a result, the ALJ determined Claimant was not under disability from April 15, 2019, through the date of the decision (Tr. 42).

Claimant contends that the ALJ failed to consider Claimant's impairments throughout the disability determination. Specifically, Clamant argues that the

4

ALJ incorrectly failed to include Claimant's migraines and fatigue as severe impairments given Claimant's migraine diagnosis. Where an ALJ finds at least one "severe" impairment, a failure to designate another impairment as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *Brescia v. Astrue*, 287 F. App'x 626, 628–629 (10th Cir. 2008). The failure to find that additional impairments are also severe is not cause for reversal so long as the ALJ, in determining Claimant's RFC, considers the effects "of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'" *Id.* (quoting *Hill v. Astrue*, 289 F. App'x. 289, 291–292, (10th Cir.2008)).

Moreover, the burden of showing a severe impairment is "de minimis," yet "the mere presence of a condition is not sufficient to make a step-two [severity] showing." *Flaherty v. Astrue*, 515 F.3d 1067, 1070–71 (10th Cir. 2007) (quoting *Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir.2003)); Soc. Sec. R. 85–28. At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [her] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged

impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).

In this case, the ALJ found Claimant had other severe impairments of spine disorder, disorder of left shoulder, chronic pain syndrome, and anxiety and depression. (Tr. 34). Given that the ALJ found severe impairments other than migraines, any error in failing to find Claimant's migraines to be severe is considered harmless so long as the ALJ considered all impairments both severe and non-severe at step four.

Claimant further argues the ALJ did not adequately address Claimant's impairments of migraines, fatigue, and left-hand weakness at step four. For Claimant's migraines and fatigue, she contends that the ALJ failed to address her migraine diagnoses. However, the focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. *See e.g. Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.); *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition); *Madrid v. Astrue*, 243 F. App'x 387, 392 (10th Cir. 2007)(the diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work); *Scull v. Apfel*, No. 99–7106, 2000 WL 1028250, at *1 (10th Cir. July 26, 2000)

(disability determinations turn on the functional consequences, not the causes of a claimant's condition). The fact migraines were diagnosed does not translate into a severe impairment. The ALJ in fact did address the presence of Claimant's migraines and fatigue but found that due to the lack of objective evidence, the record did not support the frequency alleged by Claimant. The ALJ did not err in finding this condition did not significantly limit Claimant's ability to work.

Claimant additionally contends that the ALJ did not include a limitation for Claimant's left hand weakness in the RFC. "[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." *White v. Barnhart*, 287 F.3d 903, 906 n.2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Soc. Sec. Rul. 96-8p, 1996 WL 374184, *7 (July 2, 1996). The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work-related activity the individual can perform based on evidence contained in the case record. *Id.* He must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id.* However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity

in question." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012). In this case, both the ALJ and the state reviewing physicians addressed the treatment notes suggesting Claimant experienced weakness in her left side. Though the state reviewing physicians did not include any physical limitations in relation to left-side grip weakness, the ALJ found that limiting Claimant's overheard reaching with her left arm sufficiently addressed the grip weakness occurring in connection with Claimant's shoulder issues.

The ALJ determined Claimant had the RFC to perform light work with the limitations of no overhead reaching with her left arm, only occasional interaction with the general public, and simple instructions. As the ALJ found that Claimant had severe impairments, any error in not finding an impairment severe at step two is harmless given that the ALJ considered all impairments both severe and non-severe during the RFC determination. In reaching the RFC determination, the ALJ considered Claimant's subjective complaints, the third-party statement, treatment records, and the medical opinions in the record. This Court finds no error in the ALJ's RFC determination, as it was supported by substantial evidence.

**Step Five Determination**

Claimant asserts that the ALJ erred at step five by assigning Claimant two jobs with requirements not supported by the RFC. Specifically, Claimant contends that she cannot perform the job of hand packager because her RFC limits her to only simple instructions, but hand packager requires detailed

8

instructions. Likewise, Claimant contends that she cannot perform the jobs of hand packager or night cleaner because both require frequent reaching and handling but Claimant's RFC limits her to only occasional handling. Although Claimant concedes that the factory worker position does not conflict with her RFC, Claimant contends that the factory worker position does not exist in significant numbers in the national economy.

The Tenth Circuit has established that "[t]his Circuit has never drawn a bright line establishing the number of jobs necessary to constitute a 'significant number' and rejects the opportunity to do so here." *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992). Rather, an ALJ must explicitly set forth a discussion of the factors identified above in determining that the number of jobs a claimant can do exist in significant numbers and an ALJ's finding is sufficient if the record supports a conclusion that the ALJ used a common-sense approach in "weighing the statutory language as applied to a particular claimant's factual situation." *Johnson v. Colvin*, No. CIV-13-736-W, 2014 WL 4215557, at *3 (W.D. Okla. Aug. 25, 2014). Given the imprecise nature of this analysis, this Court is unwilling to find that 30,603 (factory worker) represents an insignificant number of jobs. *See Rogers v. Astrue*, No. 08-4138, 2009 WL 368386, at *4 (10th Cir. Feb. 17, 2009)(testimony by vocational expert of 11,000 hand packager jobs in the national economy could be relied upon by the ALJ as substantial evidence to support a finding of non-disability). Since at least one job not in conflict with Claimant's RFC exists in sufficient numbers the ALJ had substantial evidence to

9

support his step five determination. This Court finds no error in the ALJ's step-five determination.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

**DATED** this 22nd day of September, 2022.

_____
**JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE**